UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

CASE NO.: 8:21-cr-16-WFJ-SPF

v.

JAILER QUINONES CASTRO

---

## SENTENCING MEMORANDUM

---

## STATEMENT OF FACTS

On January 13, 2021, a grand jury in the Middle District of Florida returned a two-count indictment naming Mr. Castro and others as defendants. Pre-Sentence Report ("PSR") 4¶1 Mr. Castro was charged with one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to United States jurisdiction and one substantive count of possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to United States jurisdiction *Id.* at ¶¶2-3.

On August 10, 2021, Mr. Castro pled guilty to a plea agreement before This Honorable Court to count one, and the Government agrees to dismiss count two at the time of sentencing. *Id.* at ¶¶5-6.

## SENTENCING GUIDELINES CALCULATION

Mr. Castro is responsible for 971 kg of cocaine, so his base offense

level is 38. PSR 7¶24. He is given credit for safety valve and 3 points for

acceptance of responsibility, so his adjusted offense level is 33. This results in

an advisory guideline range of 135-168 months, without concern for a

minimum mandatory. PSR 12 ¶63. Mr. Castro objects to not being

given a two-point reduction for minor role. His adjusted offense level should

be 31 with a guideline range of 108-135 months.

## MINOR ROLE OBJECTION

Mr. Castro objects to not being awarded a two-point reduction for

minor role under USSG §3B1.1(b). He should receive a minor role reduction

as he is less culpable than the average defendant. Mr. Castro had no

essential role on board the panga style vessel. He did not know the quantity

being transported, who the buyers were, and he had no role in setting the

price or any control of the distribution. He had no understanding of the scope

and structure of the drug trafficking organization he was working for. He had

no role in planning the venture or organizing it. He did not exercise decision-

making authority and had no influence on the exercise of decision-making

authority. His role was simply that as a mariner and his only gain was what

he would be paid for the venture. Under the U.S.S.G. §3B1.2 application note

3(C) factors he should receive a minor role reduction.

### REQUEST FOR VARIANCE AND REASONABLE TOTAL SENTENCE OF 60 MONTHS IMPRISONMENT

Mr. Castro respectfully requests that this Court sentence him to 60 months of imprisonment. This Court is aware of the wide discretion given by *Booker* and its progeny, so there is no need to reiterate it here. Under the factors laid out by 18 USC § 3553(a), a 60-month sentence is appropriate.

Under 3553(a)(1), the Court should consider the nature and circumstances of the offense and the history and characteristics of the defendant. Mr. Castro stated that cartels asked him to perform "favors that could not be refused." PSR 6¶18. His home is in a territory held by cartels who drive away government law enforcement. *Id* at ¶19. He is afraid that his family will end up being compelled to run trips for the cartels. *Id.* at ¶20.

Mr. Castro had a difficult upbringing. His family left his home to avoid guerilla conflict, but his father had a hard time with finding steady employment in their new city of Tumaco. PSR 9 ¶¶42-43. While still a child, Mr. Castro's mother abandoned the family and he was no longer able to continue his education. *Id.* at ¶43. Unfortunately Mr. Castro's father was murdered by guerillas in 2007. *Id.* As a result of his death, Mr. Castro attempted suicide. PSR 11 ¶54.

Mr. Castro has been a victim of internal strife in Colombia, and is yet another mariner placed in legal jeopardy because of the power of the cartels

and guerillas in Colombia. He joined in this venture because refusal would likely result in dying just as his father did. In light of these factors, a total sentence of 60 months' imprisonment would meet the statutory goals of 18 U.S.C. § 3553(a).

Respectfully submitted,

/s Darlene Calzon Barror
DARLENE CALZON BARROR, ESQUIRE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically by CMECF to counsel for the Government on October 22, 2021.

/s Darlene Calzon Barror
DARLENE CALZON BARROR, ESQUIRE
506 North Armenia Ave.
Tampa, Florida 33609
Tel:(813) 877-6970
Fax: (813) 879-2610
darlene@barrorlaw.com
Florida Bar No.   0860379